IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ANTHONY O. SIMPSON,  )
    Plaintiff,  ) Civil Action No. 7:06CV00560
  )
v.  ) MEMORANDUM OPINION
  )
SGT. HANK HAZELWOOD, et al.,  ) By: Hon. Glen E. Conrad
    Defendants.  ) United States District Judge

The plaintiff, Anthony O. Simpson, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Sergeant Hank Hazelwood, Deputy Dennis Walker, and Eva Reynolds. The case is presently before the court for sua sponte review, in accordance with 28 U.S.C. § 1915A. For the following reasons, the court concludes that the plaintiff's claim against Eva Reynolds must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).*

## BACKGROUND

The plaintiff is incarcerated at the Pittsylvania County Jail. The following factual allegations are taken from the plaintiff's original complaint (docket #1) and his amended complaint (docket #7).

On the night of August 14, 2006, Deputy Walker directed the plaintiff to move from the top bunk on which he was resting to the day room. The plaintiff explained to Deputy Walker that he had been sleeping on the top bunk for over a week, and that no one had previously told him to move. Sergeant Hazelwood subsequently entered the room and began using profanity toward the plaintiff. When the plaintiff asked Sergeant Hazelwood why he was speaking to him in that

---

*This provision provides, in pertinent part, that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

manner, Sergeant Hazelwood told the plaintiff to "shut [his] mother-fucking mouth." In response, the plaintiff said, "Come and make me." At that point, Sergeant Hazelwood ran up to the top tier, placed his "Voltron" on the plaintiff's lower back, and asked the plaintiff how it felt. Sergeant Hazelwood then slammed the plaintiff into the cell doors and repeatedly shocked him in the back with the "Voltron." The plaintiff alleges that Deputy Walker stood by and permitted Hazelwood to use excessive force, and that he continues to suffer from back pain as a result of the incident.

As for Eva Reynolds, the plaintiff indicates that he included her in the case because "she is a part of medical." The plaintiff alleges that Reynolds told him that he would have to pay for "seeing her" and for the "pills" that she provided. The plaintiff notes that he does not believe that he should have to pay for problems that he did not cause.

## DISCUSSION

In order to state a claim under § 1983, a plaintiff must establish that he was deprived of rights secured by the Constitution or laws of the United States, and that the deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). For the following reasons, the court concludes that the plaintiff's allegations against Reynolds fail to state a claim of constitutional magnitude.

In order to establish a constitutional violation for inadequate medical treatment, an inmate must show that jail officials exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the prison officials must know of and disregard an excessive risk to

2

the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Estelle at 105-06. Likewise, questions of medical judgment are not subject to judicial review, Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975), and disagreements between an inmate and a physician over the inmate's proper medical care do not state a claim under § 1983 unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Applying these principles, the court concludes that the plaintiff's allegations against Reynolds fail to state a claim upon which relief may be granted. There is simply no indication that Reynolds disregarded the plaintiff's medical needs. The plaintiff acknowledges that Reynolds examined his back, and that she provided medication. While the plaintiff may be upset with the fact that he was charged for Reynolds' services, his unhappiness with the medical charges is insufficient state a claim under the Eighth Amendment. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404 (9th Cir. 1985) (holding that the plaintiff's complaints about the $3.00 fee for medical visits did not state a claim for deliberate indifference); Reynolds v. Wagner, 128 F.3d 166, 175 (3d Cir. 1997) (noting that "the deliberate indifference standard of Estelle does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society.").

## CONCLUSION

For the reasons stated, the court concludes that the plaintiff has failed to allege sufficient facts to state a claim against Eva Reynolds. Therefore, Reynolds will be dismissed from the

3

case. The case will proceed as to Sergeant Hazelwood and Deputy Walker to the extent the plaintiff alleges that Hazelwood used excessive force against him and that Walker failed to protect him from the use of excessive force.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER**: This 31st day of October, 2006.

/s/ Glen Conrad
United States District Judge